**QIAN DING, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey, Attorney General, Respondent.**

**No. 08–0244–ag.**

United States Court of Appeals, Second Circuit.

Dec. 31, 2008.

Dehai Zhang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Aviva L. Poczter, Senior Litigation Counsel; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Qian Ding, a citizen of the People's Republic of China, seeks review of a December 26, 2007 order of the BIA affirming the March 15, 2006 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qian Ding*, No. A97 958 119 (B.I.A. Dec. 26, 2007), *aff'g* No. A97 958 119 (Immig. Ct. N.Y. City, Mar. 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

As a preliminary matter, because the Petitioner failed to raise before this Court any challenge to the agency's denial of his CAT claim, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005). In addition, although the Petitioner argues that the REAL ID Act was improperly applied in this case, that argument is unavailing because, as the Petitioner concedes, his application was filed on May 12, 2005, after the REAL ID Act became effective. REAL ID Act of 2005, Div. B of Pub.L. No. 109–13, 119 Stat. 302, 303 (2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)).

As to the Petitioner's asylum and withholding of removal claims, we find that the agency's adverse credibility determination was supported by substantial evidence. The Petitioner argues that the agency failed to consider the totality of the circumstances as is required under 8 U.S.C. § 1158(b)(1)(B)(iii). However, the agency properly identified multiple bases for its adverse credibility determination, including: (1) the inconsistency between the

dates the Petitioner gave for when he stopped working for his employer; (2) the implausibility of his claim that the same company that was investigating him for his supposed involvement with Falun Gong would send him on a business trip to Europe; (3) his failure to introduce a letter from his parents to confirm that company representatives visited their home in search for him; and (4) his failure to produce a witness to corroborate his claim that he practices Falun Gong in the United States. *See Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency or omission ... as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible.") (emphasis in original).

The agency did not err in finding the Petitioner's claim inherently implausible. The Petitioner argues that although his employer suspected his involvement in Falun Gong and had begun an investigation, it sent him on a business trip to meet clients in Europe. As to the inconsistent dates he gave for when he stopped working, the Petitioner contends that he did not contact his employer while he was in Europe—essentially suggesting that although he continued to work for the company, the company believed he no longer worked there because he purposely did not communicate with them. The agency was under no obligation to find this story believable; indeed, because the reasons for its incredulity are evident, we will not disturb its implausibility findings. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007); *Ying Li v. BCIS*, 529 F.3d 79, 82–83 (2d Cir.2008).

The Petitioner also argues that it was unreasonable for the agency to demand a letter from his parents corroborating his claim that the officials went to his parents' house to look for him, as well as for the agency to expect a witness to corroborate his Falun Gong practice in the United States. It is well-settled that an applicant's failure to corroborate his or her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Here, the Petitioner's failure to provide corroborating testimony made him unable to rehabilitate his testimony. Furthermore, no reasonable factfinder would have been compelled to credit his explanations as to why he failed to produce the requested evidence. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (holding that the agency need not credit an explanation unless a reasonable fact-finder would be compelled to do so).

The foregoing findings demonstrate that the agency's adverse credibility determination was supported by substantial evidence.[1] *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin*, 534 F.3d at 165–66. Accordingly, the BIA's denial of the Petitioner's application for asylum was not improper. Likewise, the agency properly denied withholding of removal because the only evidence that the Petitioner would be persecuted depended on his credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006) (holding that where the only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, an adverse credibility determination necessarily precludes success on the claim for withholding of removal).

---

1. Because the agency's credibility determination was dispositive, we need not reach the agency's alternative burden of proof finding.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).